```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    CRIMINAL NO. 3:01-cr-177-WHB-JCS

**MARCUS BRANSON**


## OPINION AND ORDER

This cause is before the Court on two related motions. The first is the Motion of Defendant for Probation Modification Under Rule 18 U.S.C. § 3563 (c), Title 28 Judiciary and Judicial Procedure § 994(c) the Sentence Modification Provisions Set Forth in Section 18 U.S.C. § 3563(c), § 3564, § 3573, and § 3582(c) of Title 18 U.S.C. in Accordance to 18 U.S.C. § 3553(a)(1)(2)(A)(b)(1), which has been construed as a Petition for Habeas Relief Pursuant to 28 U.S.C. § 2241.[1] The second is the Motion of the Government to Dismiss Defendant's Motion. The Court has considered the Motions, Defendant's Traverse to Government's Motion to Dismiss, and supporting and opposing authorities and finds that Defendant's Motion is not well taken and should be denied, and that the Motion of the Government is well taken and should be granted.

---

[1] As Defendant is preceding *pro se*, the allegations in his motions have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

## II.  Discussion

The record shows that Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and on May 6, 2002, was sentenced to a thirty-month term of imprisonment, to be followed by three years of supervised release, and was ordered to pay a fine and special assessment totaling $1,100.00.  After being sentenced by the federal court, Defendant was returned to the custody of the State of Mississippi for the purpose of completing a prison term arising from a state law drug charge.  Although the United States Marshals placed a detainer on Defendant when he was returned to state custody, the detainer was not honored when Defendant completed his state prison term and he was released from state custody in April of 2003.  Upon realizing that the detainer had not been honored, federal authorities petitioned for, and obtained, a warrant for Defendant's arrest.  The arrest warrant was executed on Defendant on June 10, 2005, and he was taken into custody for the purpose of serving his federal sentence arising from the firearms charge.

Defendant now moves for immediate release from prison and for a reduction in his term of supervised release arguing that he should be credited for the time he was at liberty.  The Court finds that as Defendant is challenging the manner in which his federal sentence is being executed, his current Motion for Modification must be treated as a petition for habeas corpus relief under 28

U.S.C. § 2241.  See United States v. Cruz, 87 F.3d 1312 (5th Cir. 1996) (citing United States v. Brown, 753 F.3d 455, 456 (5th Cir. 1985) (construing an attack that focused on the manner in which a sentence was executed as a petition under 28 U.S.C. § 2241)).  The Court additionally finds that as Defendant has failed to demonstrate that he exhausted his administrative remedies with regard to the calculation of his federal sentence, his current motion, which has been construed as a petition under 28 U.S.C. § 2241, must be dismissed.  See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) (dismissing petition under 28 U.S.C. § 2241 because defendant failed to exhaust his administrative remedies with the Bureau of Prisons).  See also Cruz, 87 F.3d at 1312.

    For the foregoing reasons:

    IT IS THEREFORE ORDERED that the Motion of the Government to Dismiss [Docket No. 20] is hereby granted.

    IT IS FURTHER ORDERED that Defendant's Motion for Probation Modification Under Rule 18 U.S.C. S 3563 (c), Title 28 Judiciary and Judicial Procedure § 994(c) the Sentence Modification Provisions Set Forth in Section 18 U.S.C. § 3563(c), § 3564, § 3573, and § 3582(c) of Title 18 U.S.C. in Accordance to 18 U.S.C. § 3553(a)(1)(2)(A)(b)(1) [Docket No. 19], which has been construed by the Court as a Petition for Habeas Corpus Relief under 28 U.S.C. § 2241 is hereby dismissed without prejudice.

IT IS FURTHER ORDERED that Judgment dismissing Defendant's Motion for Probation Modification Under Rule 18 U.S.C. § 3563 (c), Title 28 Judiciary and Judicial Procedure 994(c) the Sentence Modification Provisions Set Forth in Section 18 U.S.C. § 3563(c), § 3564, § 3573, and § 3582(c) of Title 18 U.S.C. in Accordance to 18 U.S.C. § 3553(a)(1)(2)(A)(b)(1), which has been construed by the Court as a Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, without prejudice shall be entered.

SO ORDERED this the 20th day of July, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE